UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:00-CR-129 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL A. ROBINSON, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on Defendant Michael A. Robinson's ("Defendant") pro se "Motion Pursuant to Rule 36 Federal Rule of Criminal Procedure" [Doc. 289], "Motion Pursuant to 28 USCS § 753(f)" [Doc. 290], "Request for appointment of counsel for 2255 & Rule 36"[Doc. 297], and a motion entitled "Rule 33 F.R.C.P. New Trial." [Doc. 301.] The Government has filed a consolidated response [Doc. 298] in opposition to Defendant's motions. [Docs. 289, 290, 297.] Defendant has also filed "Motion for Leave to File Reply to the Government's Response to Petitioner's Motions 289, 290 and 297." [Doc. 300.]

The Court notes that Defendant's reply [Doc. 300] complies with the filing requirements of Local Rule 7.1, which permits parties to file a reply brief in response to an answering brief. *See* L.R. 7.1(a). Accordingly, Defendant's "Motion for Leave to File Reply to the Government's Response to Petitioner's Motions 289, 290 and 297" [Doc. 300] is hereby **DENIED as moot** because leave of Court is not necessary in the present case. The

Court will consider Defendant's reply brief as properly filed in considering the relevant pending motions.

The Court further notes that Defendant has filed a "Request for Disposition" [Doc. 292] asking the Court to address the pending motions within ten (10) working days of the filing of the motion. Because the Court has addressed each of the pending motions herein and has done so in due course, Defendant's motion [Doc. 292] is hereby **DENIED as moot**. Defendant filed a redundant "Request for Finality" [Doc. 299] raising similar points as the"Request for Disposition." [Doc. 292.] For similar reasons as discussed above, the "Request for Finality" is hereby **DENIED as moot**. The pending motions [Docs. 289, 290, 297] are now ripe for the Court's consideration.

For the reasons herein, Defendant's motion [Doc. 289] will be granted in part and denied in part, and Defendant's other motions [Docs. 290, 297, 301] will be denied.

**I.      Motion Pursuant to Rule 36 Federal Rule of Criminal Procedure** [Doc. 289]

In this motion, Defendant requests the Court correct a clerical error between the oral pronouncement of the special verdict finding on Count One and the written judgment in this case. Defendant relies on a perceived discrepancy between the Court's statement that "[a]s to Count One of the Indictment, is not answered, of course" and the written judgment finding Defendant guilty of "Conspiracy to Distribute and Possession with Intent to Distribute Less than 50 Kilograms or Marijuana." [Doc. 289-2 at 1.] Defendant also appears to point out that the written judgment states "50 Kilograms or Marijuana" rather than "50 Kilograms of Marijuana." [*See* Doc. 289 at 2.] The Government responds that there is no discrepancy

2

Case 3:00-cr-00129   Document 302   Filed 08/26/08   Page 2 of 10   PageID #: 119

between the pronouncement of the verdict and no error to correct in the judgment. [Doc. 298 at 2.] Defendant responds that the verdict form was confusing.

Federal Rule of Criminal Procedure 36 provides:

After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Crim. P. 36. The Sixth Circuit has recognized that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (citations omitted). Notably, "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court." *Id.*

After reviewing the record, the Court finds that there is a clerical error in the amended judgment where it states "50 Kilograms or Marijuana," rather than "50 Kilograms of Marijuana." [Doc. 274.] The amended judgment's language differs from both the trial transcript [Doc. 289-2 at 1] and the verdict form [Doc. 147], which both use the language "50 Kilograms of Marijuana." Additionally, the use of "or" does not make sense in the context it is used in the amended judgment. The Court finds that this is the sort of mechanical error or typographical error the Sixth Circuit has determined is within the scope of Fed. R. Crim. P. 36. It appearing that a typographical error appears in the "Nature of Offense" for a violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) under "Additional Counts of Conviction" [Doc. 274 at 2], the amended judgment is hereby **AMENDED** from "Conspiracy to Distribute and Possession with Intent to Distribute Less than 50 Kilograms or Marijuana" to

3

as follows, "Conspiracy to Distribute and Possession with Intent to Distribute Less than 50 Kilograms of Marijuana." Accordingly, Defendant's motion [Doc. 289] will be granted to the extent he seeks correction of this particular typographical error. In all other respects, the Court will deny Defendant's "Motion Pursuant to Rule 36 Federal Rule of Criminal Procedure." [Doc. 289.] As an initial matter, the Court questions whether the alleged discrepancy between the oral pronouncement of the verdict and the verdict form is the sort of mechanical error contemplated by Fed. R. Crim. P. 36. *See United States v. Robinson*, 368 F.3d at 656. Even if Fed R. Civ. P. 36 is applicable, when viewed in context, the statement, "[a]s to Count One of the Indictment, is not answered, of course," reveals no discrepancy between the oral pronouncement of the verdict [*see* Doc. 289-2] and the verdict form. [Doc. 274.] This statement aligns with the verdict form instruction that "If you have found Mr. Robinson 'Guilty,' please answer the following questions 1(b) and 1(c) and then proceed to answer Question 2." [Doc. 274.] Both the trial transcript and the verdict form show the jury found Defendant "guilty" of Count One of the superseding indictment and then proceeded to answer questions 1(b) and 1(c) in the affirmative. In accordance with the instructions in the verdict form, the jury then skipped questions 1(d), 1(e), 1(f), and 1(g) and proceeded to answer Question 2. In other words, the statement, "[a]s to Count One of the Indictment, is not answered, of course," is understood as the jury not answering questions 1(d), 1(e), 1(f), and 1(g) because Defendant was found "guilty" as to question 1(a). Thus, the Court will deny Defendant's motion to the extent he claims a clerical error on the basis of a discrepancy between the oral pronouncement of the verdict and the verdict form.

4

Case 3:00-cr-00129  Document 302  Filed 08/26/08  Page 4 of 10  PageID #: 121

Accordingly, Defendant's "Motion Pursuant to Rule 36 Federal Rule of Criminal Procedure" [Doc. 289] will be granted in part to the extent the amended judgment [Doc. 274] will be amended to state "Conspiracy to Distribute and Possession with Intent to Distribute Less than 50 Kilograms of Marijuana." In all other respects, Defendant's motion [Doc. 289] will be denied.

## II. Motion Pursuant to 28 USCS § 753(f) [Doc. 290]

In this motion, Defendant requests that his trial attorney and court-appointed attorney relinquish all documents, transcripts, records of trial or concerning trial, and related evidence. Defendant requests that the Court furnish a copier service for Defendant to make copies of all "5 bank boxes" so that he may pursue relief under 28 § 2255. [Doc. 290 at 1.] The Government responds that if the Court determines that Defendant's claims are frivolous, then Defendant is not entitled to have the government pay for a service to copy these documents. [Doc. 298 at 3.] Defendant responds that he has shown "a crystalization [sic] of issues he intends to raise on § 2255 proceedings." [Doc. 300 at 9.]

Title 28 U.S.C. § 753(f) provides:

Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

The Supreme Court has recognized that "[t]his particular statute contains a limited grant of authority to the courts to authorize the expenditure of public funds for furnishing transcripts to plaintiffs in § 2255 actions." *United States v. MacCollum*, 426 U.S. 317, 321 (1976). In

5

other words, "[w]here Congress has addressed the subject as it has here, and authorized expenditures where a condition is met, the clear implication is that where the condition is not met, the expenditure is not authorized." *Id.*

In the present case, Defendant requests copies of "all documents, transcripts, and records of trial or concerning trial and evidence thereof." [Doc. 290 at 1.] The plain language of 28 U.S.C. § 753(f) only refers to "transcripts." Because Defendant's motion includes requests for documents that are not transcripts, such requests are simply outside the purview of 28 U.S.C. § 753(f). This conclusion is further supported by the Supreme Court's recognition that 28 U.S.C. § 753(f) is a statute limited in scope. *See MacCollum*, 426 U.S.C. at 321. Additionally, the Sixth Circuit has previously rejected a federal prisoner's analogous request for the district court to "loan" him the court's file in his criminal case. *United States v. Fullerton*, No. 00-3638, 2000 WL 1888567, at *1 (6th Cir. Dec. 19, 2000). Thus, as an initial matter, Defendant's motion will be denied to the extent he requests anything other than transcripts.

To the extent he requests transcripts, the Court finds that Defendant has failed to demonstrate that his claim "is not frivolous and that the transcript is needed to decide the issue[s] presented" in his case. *Id.* In his motion, defendant raises the issues of ineffectiveness of counsel, trial court jurisdiction, extradition requirements, and time issues related to conspiracy. [*See* Doc. 290 at 2.] However, he insufficiently explains how the transcripts are needed to decide these issues and provides minimal, if any, factual allegations to flesh out the issues he identifies as supporting his request for transcripts under 28 U.S.C.

6

§ 753(f).[1]  Accordingly, the Court finds that Defendant has not met the requirements of 28 U.S.C. § 753(f), and his motion [Doc. 290] will be denied.

### III.     Request for appointment of counsel for 2255 & Rule 36 [Doc. 297]

####     A.     Appointment of Counsel

In this motion, Defendant first asks the Court to appoint counsel regarding his pursuit of relief under 28 U.S.C. § 2255 due to the complexity of issues involved.  The Government responds that Defendant does not have a constitutional right to an attorney in collateral proceedings and that the issues listed by Defendant appear to be frivolous and/or already decided on direct appeal.

As an initial matter, the Court notes that Defendant does not have a constitutional right to counsel in the present case.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").  Rather, 28 U.S.C. § 3006A provides that the Court may appoint counsel for a person seeking relief under 28 U.S.C. § 2255 if "the interests of justice so require."  28 U.S.C. § 3006A(a)(2).  In light of this discretion and after careful consideration, the Court finds that the interests of justice do not require appoint of counsel at this time.  In particular, Defendant has not shown that the issues presented are of

---

[1] It also appears that Defendant already has access to the transcripts in this case.  Defendant has provided the Court copied excerpts of the trial transcripts and verdict form further suggesting that new transcripts are not needed in this case because Defendant already has access to them. [*See* Doc. 301 at 8-13.]

7

a factual or legal complexity that would warrant the appointment of counsel. Accordingly, Defendant's motion for appointment of counsel will be denied.

   B.   Evidentiary Hearing

In this motion, Defendant also requests, pursuant to Fed. R. Crim P. 36, an evidentiary hearing regarding the perceived discrepancy between the oral pronouncement and written judgment. The Government responds that no evidentiary hearing is needed because the trial transcript clearly demonstrates no discrepancy. The Court has already found Defendant's motion [Doc. 289] regarding Fed. R. Crim P. 36 without merit, so, for the same reasons, the Court will deny Defendant's motion [Doc. 297] to the extent he requests an evidentiary hearing. Accordingly, Defendant's motion [Doc. 289] will be denied.

**IV.   Rule 33 F.R.C.P. New Trial** [Doc. 301]

Defendant further moves for a new trial pursuant to Federal Rule of Criminal Procedure 33(b)(1) on the basis of "newly discovered evidence" or, in the alternative, requests an evidentiary hearing. [Doc. 301.] Federal Rule of Criminal Procedure 33(b)(1) provides:

> **Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.

Fed. R. Crim. P. 33(b)(1). To prevail on a Rule 33 motion, a defendant must establish "(1) the new evidence was discovered after trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or

8

impeaching; and (4) the evidence would likely produce an acquittal." *United States v. Blackwell*, 459 F.3d 739, 768 (6th Cir. 2006) (citations omitted).

In the present case, Defendant has presented no new evidence likely to produce an acquittal, and accordingly, is not entitled to a new trial based on new evidence. In *United States v. Blackwell*, a defendant moved pursuant to Fed. R. Crim. P. 33 for a new trial on the basis of "new evidence" of alleged juror conduct. However, the Sixth Circuit found that juror conduct during deliberations was "not evidence likely to produce acquittal at a new trial because it would not be admissible." *Blackwell*, 459 F.3d at 769. In other words, juror conduct was not relevant evidence because it had no "tendency to make Defendant more ore less guilty." *Id.* Similarly, perceived errors by the trial court has no relevance to a trial on Defendant's guilt in the present case. [Doc. 301.] For similar reasons, an evidentiary hearing regarding this matter is unnecessary. Accordingly, Defendant's motion regarding "Rule 33 F.R.C.P. New Trial" will be denied.

**V.  Conclusion**

Accordingly, the Defendant's "Request for Disposition" [Doc. 292], "Request for Finality" [Doc. 299], and "Motion for Leave to File Reply to the Government's Response to Petitioner's Motions 289, 290 and 297" [Doc. 300] are hereby **DENIED as moot**. The Defendant's "Motion Pursuant to Rule 36 Federal Rule of Criminal Procedure" [Doc. 289] is hereby **GRANTED** to the extent the amended judgment [Doc. 274] is **AMENDED** to state "Conspiracy to Distribute and Possession with Intent to Distribute Less than 50 Kilograms of Marijuana." In all other respects, Defendant's "Motion Pursuant to Rule 36 Federal Rule

9

of Criminal Procedure" [Doc. 289], "Motion Pursuant to 28 USCS § 753(f)" [Doc. 290], "Request for appointment of counsel for 2255 & Rule 36" [Doc. 297], and "Rule 33 F.R.C.P. New Trial" [Doc. 301] are hereby **DENIED**.

    IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE