UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:00-CR-129 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL A. ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal action is before the Court on Defendant Michael A. Robinson's

("Defendant") request for relief pursuant to Fed. R. App. P. 10(e)(1). [*See* Doc. 305.]

Defendant contends that there was a misstatement on the record when the Court found that

the jury verdict form was "answered in the affirmative." Thus, he asks the Court to "correct

its misstatement in its opinion that pertains to portion 1(b) and 1(c) being 'answered in the

affirmative.'" [Doc. 305 at 4.] In other words, Defendant requests that the Court correct or

modify the order [Doc. 302], which Defendant has appealed to the Court of Appeals. [*See*

Doc. 303.]

Fed. R. App. P. 10(e)(1) provides:

If any difference arises about whether the record truly discloses what occurred
in the district court, the difference must be submitted to and settled by that
court and the record conformed accordingly.

According to Fed. R. App. P. 10(a), the "record on appeal" consists of "(1) the original

papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3)

a certified copy of the docket entries prepared by the district clerk." The Sixth Circuit has

viewed "the composition of the record on appeal . . . [as] the record and facts considered by

the District Court." *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997).

In light of *Barrow*, the Court doubts whether the Defendant's perceived "misstatement

or omission" in the order under appeal [Doc. 302] falls within the scope of Fed. R. App. P.

10(e)(1). It would be impossible for the Court's order to be "considered by the District

Court" in deciding the same order. Furthermore, Defendant essentially questions the Court's

interpretation of the verdict form [Doc. 289-2] that is part of the record as "an exhibit filed

in the district court." Fed. R. App. P. 10(a)(1). To the extent Defendant disagrees with the

Court's interpretation of the verdict form, that issue is left for the Court of Appeals'

consideration of Defendant's appeal of the Court's order entered on August 26, 2008. [*See*

Docs. 302, 303.]

Accordingly, Defendant's motion [Doc. 305] is hereby **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

2