UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MICHAEL A. ROBINSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos: 3:00-cr-129 |
| | ) | 3:09-cv-078 |
| UNITED STATES OF AMERICA, | ) | (VARLAN/SHIRLEY) |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Michael A. Robinson ("petitioner"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the

case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Petitioner was convicted by a jury of conspiring to distribute and to possess with intent to distribute both marijuana and cocaine; aiding and abetting possession with intent to distribute marijuana; carrying firearms during two drug trafficking offenses; and being a felon in possession of firearms. By special verdicts, the jury also found that petitioner was responsible for less than 50 kilograms of marijuana and for five or more kilograms of cocaine with respect to the conspiracy. He was sentenced *in absentia*[1] to a total effective term of imprisonment of 352 months.

Petitioner's conviction was affirmed on direct appeal, but his sentence was vacated and the case remanded for resentencing based upon the Court's failure to make the required factual findings in applying the sentencing guidelines. *United States v. Robinson*, 390 F.3d 853 (6th Cir. 2004). On remand, petitioner was sentenced to a total effective term of imprisonment of 292 months on the drug offenses; he was not sentenced on the firearms

---

[1] Petitioner escaped from jail shortly after trial. He was apprehended in Brazil about a week after the sentencing hearing and was extradited to the United States on the drug convictions but not on the gun convictions, pursuant to the terms of the United States' extradition treaty with Brazil.

2

offenses. That sentence was affirmed on appeal. *United States v. Robinson*, 503 F.3d 522 (6th Cir. 2007), *cert. denied*, 552 U.S. 1269 (2008).

In support of his § 2255 motion to vacate sentence, petitioner alleges that he was denied due process based upon a defective verdict form and the trial court's errors in polling the jury after the verdict. Petitioner also alleges that he received ineffective assistance of counsel when his attorney failed to object to the defective verdict form and the court's polling errors. In an untimely motion to amend the § 2255, which the Court will not consider, petitioner raises an additional claim of ineffective assistance of counsel.

III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular

3

case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner specifically objects to the special verdicts rendered by the jury as to the drug amounts. The verdict form read, in pertinent part, as follows:

> 1(b). WE, THE JURY, UNANIMOUSLY FIND BEYOND A REASONABLE DOUBT THAT MR. ROBINSON IS RESPONSIBLE FOR THE FOLLOWING AMOUNT OF MARIJUANA:
>
> 100 OR MORE KILOGRAMS OF MARIJUANA _____ (yes or no)
> 50 OR MORE KILOGRAMS OF MARIJUANA _____ (yes or no)
> LESS THAN 50 KILOGRAMS OF MARIJUANA _____ (yes or no)
>
> You are instructed that you can answer "Yes" to only one selection; however, you can answer "No" to more than one selection.
>
> 1(c). WE, THE JURY, UNANIMOUSLY FIND BEYOND A REASONABLE DOUBT THAT MR. ROBINSON IS RESPONSIBLE FOR THE FOLLOWING AMOUNT OF COCAINE:
>
> 5 OR MORE KILOGRAMS OF COCAINE _____ (yes or no)

4

Case 3:00-cr-00129   Document 328   Filed 06/30/11   Page 4 of 9   PageID #: 321

500 OR MORE GRAMS OF COCAINE     _____ (yes or no)
LESS THAN 500 GRAMS OF COCAINE     _____ (yes or no)

>   You are instructed that you can answer "Yes" to only one selection;
>   however, you can answer "No" to more than one selection.

[Criminal Action No. 3:00-cr-129, Doc. 147, Verdict Form, p. 2].

Rather than answering "yes" or "no" to the drug amounts, the jury instead checked the lines next to "less than 50 kilograms of marijuana" and "5 or more kilograms of cocaine." Petitioner takes the position that the foreman on his own could have made the check-marks on the lines, instead of asking his fellow jurors whether they would answer yes or no. In that regard, petitioner also alleges that the trial court erred in the manner in which it asked the jury whether the verdict form represented their verdicts as to the drug amounts. Petitioner claims that the Court should have polled each individual juror rather than asking the jury as a group to raise their hands to signify their verdicts. Petitioner further alleges that his attorney was ineffective by failing to raise these two issues.

Petitioner raised the issue concerning the check-marks in a motion for new trial, which was denied by this Court. The Sixth Circuit affirmed the denial of the motion for new trial, noting as follows:

>   Robinson's Rule 33 motion is grounded in a perceived flaw in the jury's completion of the special verdict form. This alleged error does not constitute evidence material to Robinson's guilt or innocence that would be likely to produce an acquittal if he were retrial. Moreover, as noted above, it is clear from the verdict form and the district court's oral pronouncement of the verdict that the jury found Robinson guilty of the charged conspiracy with regard to the amounts specified.

5

Case 3:00-cr-00129 Document 328 Filed 06/30/11 Page 5 of 9 PageID #: 322

500 OR MORE GRAMS OF COCAINE    _____ (yes or no)
LESS THAN 500 GRAMS OF COCAINE    _____ (yes or no)

>   You are instructed that you can answer "Yes" to only one selection;
>   however, you can answer "No" to more than one selection.

[Criminal Action No. 3:00-cr-129, Doc. 147, Verdict Form, p. 2].

Rather than answering "yes" or "no" to the drug amounts, the jury instead checked the lines next to "less than 50 kilograms of marijuana" and "5 or more kilograms of cocaine." Petitioner takes the position that the foreman on his own could have made the check-marks on the lines, instead of asking his fellow jurors whether they would answer yes or no. In that regard, petitioner also alleges that the trial court erred in the manner in which it asked the jury whether the verdict form represented their verdicts as to the drug amounts. Petitioner claims that the Court should have polled each individual juror rather than asking the jury as a group to raise their hands to signify their verdicts. Petitioner further alleges that his attorney was ineffective by failing to raise these two issues.

Petitioner raised the issue concerning the check-marks in a motion for new trial, which was denied by this Court. The Sixth Circuit affirmed the denial of the motion for new trial, noting as follows:

>   Robinson's Rule 33 motion is grounded in a perceived flaw in the jury's completion of the special verdict form. This alleged error does not constitute evidence material to Robinson's guilt or innocence that would be likely to produce an acquittal if he were retrial. Moreover, as noted above, it is clear from the verdict form and the district court's oral pronouncement of the verdict that the jury found Robinson guilty of the charged conspiracy with regard to the amounts specified.

*United States v. Robinson*, No. 08-6104 (6th Cir. April 20, 2009) (internal citation omitted) [Doc. 313, Order, pp. 2-3].

Petitioner cannot use a § 2255 proceeding to relitigate issues decided adversely to him on direct appeal absent extraordinary circumstances, which are not present here. *See, e.g., Jones v. United* States, 178 F.3d 790, 796 (6th Cir. 1999) ("It is ... well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law.") (citations omitted).

To the extent petitioner alleges his attorney was ineffective for failing to challenge the jury's special verdicts, such an objection would have lacked merit and thus failure to challenge the special verdicts cannot constitute ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel); *see also Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal).

Petitioner's claim that the trial court should have polled each individual juror as to his or her verdict also lacks merit and petitioner's attorney was not ineffective in failing to ask the Court to poll the jurors individually. A court has discretion in deciding whether to poll jurors individually and should do so only when necessary "to clarify the final award or verdict, and not to inquire into the jury's thought processes." *United States v. Josic*, No. 06-4662, 2009 WL 1035400 at *8 (6th Cir. April 16, 2009). Here, the verdict form was clear

6

and the jury unanimously found petitioner guilty of conspiring to distribute at least 5 kilograms of cocaine and less than 50 kilograms of marijuana. The record reflects that the trial court read the jury's verdict aloud. [Doc. 309, Motion to Vacate Sentence, Exhibit 3, Excerpt of Transcript of Proceedings, pp. 199-201]. After reading aloud the entire verdict, the Court addressed the jury and asked "If that be the verdict of this jury, unanimous verdict of this jury, then each and every member of this jury please so signify by raising your right hand." [*Id*. at 201]. The record further reflects "(All 12 jurors raised right hands.)" [*Id*.]. Petitioner was not entitled to individual polling of the jury.

Based upon the foregoing, petitioner is not entitled to relief on his claims of a defective verdict form and error in polling the jury. Likewise, petitioner has failed to demonstrate ineffective assistance of counsel under the *Strickland* standard.

Petitioner has also filed a motion to amend the § 2255 motion to state an additional claim of ineffective assistance of counsel, namely that counsel failed to challenge on direct appeal after resentencing petitioner's sentence enhancement based upon his leadership role in the conspiracy. For the following reasons, the motion to amend is time-barred.

A federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final. Petitioner's conviction became final on March 17, 2008, which was the date the Supreme Court denied his petition for writ of certiorari. [Doc. 287]. Petitioner timely filed his original § 2255 motion on February 20, 2009. [Doc. 309]. Petitioner's motion to amend the

7

§ 2255 was filed on July 10, 2009. [Doc. 317]. The question, then, is whether the motion to amend is timely because it "relates back" to the original filing date.

"An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 640 (2005). *See also Oleson v. United States*, 27 F. App'x 566, 571, 2001 WL 1631828 *3 (6th Cir. December 14, 2001) ("Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims -- Oleson's amendment raises an entirely new argument").

Petitioner's motion to amend raises a new claim of ineffective assistance of counsel which is unrelated to his original claims of ineffective assistance. His new allegation of ineffective assistance of counsel does not relate back to the original pleading, is time-barred, and will not be considered by the Court.

IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a

8

constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9

Case 3:00-cr-00129   Document 328   Filed 06/30/11   Page 9 of 9   PageID #: 326