UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:00-CR-129-TAV-CCS-1 |
| | ) | |
| MICHAEL A. ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This criminal case is before the Court on the defendant's pro se motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure [Doc. 349]. The defendant asks the Court to correct an allegedly clerical error in the special-verdict form completed by the jury as to the drug conspiracy count. The defendant asserts that the jury placed check-marks next to the particular drug quantities rather than writing "yes" or "no" on the blank lines provided, making the jury's findings regarding drug quantity illegitimate. The government filed a response in opposition, asserting that the defendant's argument involves far more than a clerical error. It further asserts that the Court has previously considered and rejected this argument.

In 2001, defendant was convicted by a jury of various drug and firearms offenses. He appealed, and the Sixth Circuit affirmed his convictions and remanded for resentencing. *United States v. Robinson*, 390 F.3d 853 (6th Cir. 2005). This Court

subsequently sentenced defendant to 292 months' imprisonment, and the Sixth Circuit affirmed that sentence. *United States v. Robinson*, 503 F.3d 522 (6th Cir. 2007).

In 2008, defendant filed a pro se motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, alleging that the jury's use of check-marks (rather than words) negated any the possibility of any valid finding regarding drug quantity [*See* Doc. 301]. The Court denied the motion, explaining that, although the jury placed a check-mark next to certain drug quantities instead of writing the word "yes," the verdict form was nonetheless clear that the jury found defendant guilty of a drug conspiracy as to particular drug quantities, *i.e.*, the quantities next to the check-marks [Doc. 302]. On appeal, the Sixth Circuit agreed that the "perceived flaw in the jury's completion of the special verdict form . . . does not constitute evidence material to [defendant's] guilt or innocence that would be likely to produce an acquittal if he were retried" [Doc. 313]. "Moreover," the Sixth Circuit continued, "it is clear from the verdict form and the district court's oral pronouncement of the verdict that the jury found [defendant] guilty of the charged conspiracy with regard to the amounts specified. Accordingly, he is not entitled to a new trial on this basis" [*Id.*].

In 2009, the defendant filed a motion pursuant to 28 U.S.C. § 2255, which this Court denied as meritless [Docs. 309, 310, 319, 327, 328]. In that motion, the defendant sought to re-litigate the jury's use of check-marks [Docs. 309, 319]. The Court denied the defendant's claim based upon its earlier ruling, which had been affirmed by the Sixth Circuit. The Court also explained that, to the extent the defendant was suggesting that his

2

attorney had rendered constitutionally ineffective assistance for not objecting to the special verdict forms, "such an objection would have lacked merit" [Doc. 328]. Although the defendant sought to appeal the denial of his § 2255 motion, the Sixth Circuit denied a certificate of appealability and the Supreme Court denied *certiorari* [*See* Docs. 347, 351].

The Court agrees with the government that the defendant's argument involves far more than the correction of an allegedly clerical error. And because this Court has previously considered and rejected the very same argument the defendant now makes, without identifying any basis for this Court to revisit its earlier conclusion, the Court finds the motion lacks merit.

Accordingly, the defendant's motion [Doc. 349] is hereby **DENIED**.

IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        CHIEF UNITED STATES DISTRICT JUDGE