UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:00-CR-129-TAV-CCS |
| | ) | |
| MICHAEL A. ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's motion for sentence reduction [Doc. 362] and supplemental motion for a sentence reduction [Doc. 375]. In the defendant's motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 377], and the defendant replied [Doc. 380]. The government defers to the Court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the United States Sentencing Guidelines Manual.

Also before the Court are various other motions filed by the defendant [Docs. 361, 363, 369, 373 374, 376]. The government filed a motion for extension of time to respond to certain motions [Doc. 372] and contemporaneously filed that consolidated response [Doc. 371].

I.  **Background**

The defendant was convicted of conspiring to distribute and possess with intent to distribute less than 50 kilograms of marijuana and more than 5 kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and aiding and abetting the possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) [Doc. 274].  At the time of sentencing, the defendant was held responsible for 5 kilograms of cocaine and 40 kilograms of marijuana, for a combined marijuana equivalent of 1,040 kilograms [Presentence Investigation Report ("PSR") ¶ 38].  Given the amount of drugs for which the defendant was held responsible, the defendant's base offense level was 32 [*Id.*].  The defendant received a four-level enhancement for his role in the offense and a two-level enhancement for obstruction of justice, which resulted in a total offense level of 38 [*Id.* ¶¶ 41–42, 45].  Given the defendant's criminal history category of III, the defendant's applicable guideline range was 292 to 365 months' imprisonment [*Id.* ¶¶ 53, 82].

Judge James H. Jarvis sentenced the defendant on May 15, 2006, to 292 months' imprisonment [Doc. 274], which was within the range produced by the Guidelines.  According to the government, the defendant is presently scheduled for release on October 27, 2022 [Doc. 377].

In 2008, the defendant filed a pro se motion for a new trial, noting that at his trial the jury had placed check marks next to particular drug quantities instead of writing

"yes" or "no" on the blank lines provided. The defendant argued that the use of check marks rather than words negated any valid finding at trial regarding drug quantity [Doc. 301]. The Court denied the defendant's motion [Doc. 302]. The defendant subsequently appealed the Court's decision, and the Sixth Circuit agreed that the "perceived flaw in the jury's completion of the special verdict form . . . does not constitute evidence material to [the defendant's] guilt or innocence that would be likely to produce an acquittal if he were retried" [Doc. 313 pp. 2–3]. Rather, the Sixth Circuit indicated that "it is clear from the verdict form and the district court's oral pronouncement of the verdict that the jury found [the defendant] guilty of the charged conspiracy with regard to the amount specified. Accordingly, he is not entitled to a new trial on this basis" [*Id.*].

In 2009, the defendant filed a motion pursuant to 28 U.S.C. § 2255 motion [Doc. 309], which the Court denied [Doc. 328]. Plaintiff sought to appeal the Court's decision, but the Sixth Circuit denied a certificate of appealability and the Supreme Court denied *certiorari* [Docs. 347, 351].

In 2013, the defendant filed another motion, purportedly pursuant to Federal Rule of Criminal Procedure 36, in which he contended that the Court should "correct" the check marks on the jury's special verdict form, replace the check marks with "no," and grant him an evidentiary hearing [Doc. 349]. The Court denied this motion, finding that the Court has "previously considered and rejected the very same argument the defendant now makes" [Doc. 359]. The defendant subsequently filed a motion for reconsideration of the Court's

3

Case 3:00-cr-00129   Document 381   Filed 01/13/17   Page 3 of 11   PageID #: 607

denial of his Rule 36 motion, as well as a number of motions related to Amendment 782 of the United States Sentencing Guidelines. The Court will first address the defendant's motions related to Amendment 782, and then turn to the defendant's motion for reconsideration.

## II. The Defendant's Amendment 782 Motion

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then

4

'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Applying Amendment 782, the defendant's revised base offense level is 30, and affording the defendant the same adjustments the defendant originally received, the defendant's new total offense level is 36. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). A total offense level of 36 and a criminal history category of III results in an amended guideline range of 235 to 293 months' imprisonment. Thus, the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of the defendant's offense(s) and the defendant's history and characteristics.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment.[2] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

The government informs the Court that the defendant has incurred disciplinary sanctions on at least a dozen occasions while incarcerated. The government also states that it nonetheless defers to the Court's discretion whether to grant a reduction in the

---

[2] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

7

defendant's sentence, and, if so, to what extent. Furthermore, the defendant informs the Court that while incarcerated he has taken courses in accepting responsibility, drug abuse education, receptionist training, date entry, anger management, the challenge program (courses regarding lifestyle changes and self-improvement), and a stop the violence program.

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in the defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels affected by Amendment 782. The Court has also taken into consideration the risk the defendant poses to public safety, the nature and circumstances of the defendant's offenses, the defendant's personal characteristics, criminal history, and post-sentencing conduct.

Accordingly, the Court will grant the defendant's Amendment 782 motion and will reduce the defendant's sentence to 235 months' imprisonment.

## III. The Government's Motion for Extension of Time to File Response

The government moves the Court for an eight-day extension of time to file a response to a number of the defendant's motions [Doc. 372]. The government also filed its proposed response contemporaneously with its motion for extension [Doc. 371]. For good cause shown, this motion [Doc. 372] will be granted, and the Court will consider the proposed response [Doc. 371] in coming to its conclusion.

8

## IV. The Defendant's Additional Amendment 782 Motions

The defendant also has a number of other motions pending before the Court, in which the defendant urges the Court to rule on his Amendment 782 motion, and also to hold a hearing to redetermine a specific drug quantity attributable to the defendant for purposes of the Amendment 782 motion [Docs. 363, 369, 373, 374, 376]. The defendant argues that a redetermination is necessary because the previous drug quantity findings were based on the jury's use of the check marks on the special verdict form.

As the Court has indicated in this memorandum and opinion that it will grant the defendant's Amendment 782 motion, his requests for a ruling on the motion are moot. Furthermore, for purposes of its Amendment 782 ruling, the Court does not find it necessary in this case to redetermine a specific drug quantity attributable to the defendant. Despite the defendant's contentions, the drug quantity findings were derived from the jury's special verdict form, the adequacy of which the Court has confirmed on numerous occasions. As such, the Court will deny the defendant's motions requesting that the Court redetermine the specific drug quantity attributable to him.

## V. The Defendant's Motion for Reconsideration

The defendant also filed a Motion for Reconsideration [Doc. 361]. In this motion, the defendant asks the Court to reconsider its previous ruling, in which the Court denied the defendant's Rule 36 motion in which he sought to, once again, relitigate the issue of the check marks on the jury verdict form [Doc. 359]. In denying the defendant's Rule 36

9

motion, the Court noted that it had previously considered and rejected the very same argument that the defendant made in that motion [*Id.*].

The defendant contends that the Court should reconsider this denial of the defendant's Rule 36 motion in light of the Fifth Circuit case *United States v. Mackay*, 757 F.3d 195 (5th Cir. 2014). In *Mackay*, the Fifth Circuit required the correction of a clerical error in a PSR, where the PSR listed the offense of conviction as involving cocaine, when it had in fact involved marijuana. *Id.* at 196. In reaching its conclusion, the Fifth Circuit specifically stated that this error was not harmless because it affected the defendant's substantial rights. *See id.* at 200.

The Court has reviewed *Mackay*, and finds that it does not impact the Court's prior ruling on the defendant's Rule 36 motion. The error in *MacKay* that the Fifth Circuit sought to correct was clear and undisputable error, with the PSR incorrectly identifying the type of drug involved in the offense. This case, with the jury using check marks on the verdict form instead of writing "yes," involves no such clear and undisputable error. The Sixth Circuit has previously noted in this case when considering the propriety of the check marks, "it is clear from the verdict form and the district court's oral pronouncement of the verdict that the jury found [the defendant] guilty of the charged conspiracy with regard to the amount specified" [Doc. 313 pp. 2–3]. As such, the check marks on the jury form do not constitute an error akin to that at issue in *Mackay*, and the Court has no reason to disturb its prior ruling. Consequently, the defendant's motion for reconsideration will be denied [Doc. 361].

## VI. Conclusion

For the reasons stated herein, the defendant's Amendment 782 motions [Docs. 362, 375] are **GRANTED** and the defendant's sentence is **REDUCED** to **235 months' imprisonment**. If this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

The defendant's additional motions [Docs. 361, 363, 369, 373, 374, 376] are **DENIED**. The government's Motion for Extension *Nunc Pro Tunc* [Doc. 372] is **GRANTED**, *NUNC PRO TUNC* August 18, 2016.

Except as otherwise provided in this order, all provisions of the judgment dated May 30, 2006 [Doc. 274], shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE